IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JOSEPH S. BEALE, | ) | Case No. 04 B 8748 |
| | ) | |
| Debtor. | ) | Adversary No. 04 A 2416 |
| | ) | |
| | ) | DISTRICT COURT |
| ANDREW J. MAXWELL, Trustee, | ) | CASE NO. 08 C 04209 |
| | ) | |
| Plaintiff, | ) | Hon. Joan B. Gottschall |
| v. | ) | |
| | ) | |
| T. GREGORY KEMP, et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

For their Reply to the Trustee's Response to the Motion to Withdraw the Reference[1] (the "Response"), Defendants[2] state as follows:

## INTRODUCTION

The Trustee suggests that Defendants are "forum shopping". That sin is seeking a new judge because the first judge is not to your liking. Seeking to interpose a jury between litigant and judge to determine the facts is a fundamental constitutional right. The fact that Defendants' exercise of that right mandates that the case be heard by a District Court results in a coincidental rather than intentional substitution of judges. The only "forum shopping" going on here is the Trustee's effort to keep this case in the bankruptcy court.

---

[1] Docket 16.

[2] For the sake of avoiding unnecessary duplication, the Defendants use the same terminology in this Reply as used in the Defendants' Motion to Withdraw the Reference to the Bankruptcy Court (the "Motion"). (Docket 1).

Because Defendants are entitled to a jury trial and have not waived that right, as established in the Motion and below and not addressed in the Response, this Court should grant the Motion. No cause exists to delay this decision.

**ARGUMENT**

**I.　　Applicable Standard for Motions to Withdraw the Reference**

This Court may withdraw the reference to the bankruptcy court in any case or proceeding upon the motion of any party, or on its own motion, "for cause shown."[3] 28 U.S.C. § 157(d). Because the bankruptcy court cannot conduct a jury trial, cause "automatically exists" to withdraw the reference if a jury trial is demanded and the parties "do not consent to proceeding before the bankruptcy court." *Comdisco Ventures, Inc. v. Fed. Ins. Co. (In re Comdisco Ventures, Inc.)*, No. 04 C 2007, 2004 WL 1375353, at *4 (N.D. Ill. June 18, 2004) (citing 28 U.S.C. § 157(e)); *see also In re Marchfirst, Inc.*, No. 03 C 4043, 2003 WL 22244982, at *1 (N.D. Ill. Sept. 22, 2003) ("[I]f defendant is entitled to a jury trial, we must grant the motion to withdraw.").

To determine whether an action is subject to the right of trial by jury, the Supreme Court has established a two-part test. "First, the court must determine whether the action would historically have been brought in a court of law or a court of equity. Second, and *more importantly*, [the court] must examine the remedy sought and determine whether it is legal or equitable in nature." *In re K & R Express Sys., Inc.*, 382 B.R. 443, 447–48 (N.D. Ill. 2007) (emphasis added) (citing *Granfinanceria v. Nordberg*, 492 U.S. 33, 42 (1989)). The Seventh Amendment right to jury trial applies to all suits except "those where equitable rights *alone* [are]

---

[3] Courts consider the following factors when deciding whether "cause" exists to withdraw the reference: "judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, and whether the adversary proceeding is core or non-core." *Coe-Truman Techs., Inc. v. U.S. Gov't (In re Coe-Truman Techs., Inc.)*, 214 B.R. 183, 187 (N.D. Ill. 1997).

recognized." *Granfinanceria*, 492 U.S. at 43–44 (internal citations and quotation marks omitted). As set forth specifically in the Motion and further analyzed below, the Defendants are entitled to a jury trial and have not waived that right.

## II.  The Scope of Defendants' Motion Includes All Remaining Claims

As a preliminary matter, the Defendants must respond to what appears to be a deliberate attempt to inject confusion into this relatively simple matter. The Defendants moved "to withdraw the reference with regard to the Trustee's remaining claims." (Motion, at 1). The Trustee's attempt to limit the scope of the Motion by referencing his purportedly equitable counts does not alter this request. (Response, at 5 n.6). As explained in the Motion, application of the *Coe-Truman* factors warrant hearing all remaining claims in this Court. *See Coe-Truman Techs., Inc. v. U.S. Gov't (In re Coe-Truman Techs., Inc.)*, 214 B.R. 183, 187 (N.D. Ill. 1997); (Motion, ¶ 11).

## III.  Defendants Timely Filed the Motion Under Applicable Rules

To support his baseless argument that the Motion amounts to nothing more than forum shopping, the Trustee makes much ado about the Defendants' timing. Specifically, the Trustee asserts that Defendants' Motion and precautionary *second* Jury Demand, both filed on July 18, 2008, somehow amount to gamesmanship because they were filed shortly after the bankruptcy court's continued hearing on the Trustee's Motion to Continue the Trial Date and Extend the Time Within Which He May Disclose His Experts And Produce Expert Reports And For Related Relief.[4] (Response, at 8–9). The Trustee, however, ignores applicable rules of procedure regarding the timing of Jury Demands and motions under § 157(d) to withdraw the reference.

---

[4] Bankruptcy Court N.D. Ill., Case No. 04-A-2416, Docket 672, 677, 679.

Federal Rule of Civil Procedure 38(b) (made applicable by Federal Rule of Bankruptcy Procedure 9015(a)), specifically states that demands for jury trials must be made "not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). In this case, the Defendants filed the last pleading directed at the Trustee's Fourth Amended Complaint on July 11, 2008, seven days before reasserting, for the sake of prudence and out of an abundance of caution, Defendants' Jury Demand.[5] Also on July 18, 2008, Defendants renewed their request for this Court to withdraw the reference to the bankruptcy court by filing the Motion, which pursuant to § 157(d), must be made "timely." 28 U.S.C. § 157(d). Defendants are fully aware of applicable precedent reviewing timeliness in relation to when jury demands are made, and even holding that failure to timely move for withdrawal of the reference amounts to waiver of the asserted jury trial right. *See, e.g., Miller v. Kane (In re Del Grosso)*, No. 93 C 1564, 1993 WL 198927 (N.D. Ill. June 10, 1993); *HA2003 Liquidating Trust v. J.P. Morgan Partners (In re HA-LO Indus., Inc.)*, 326 B.R. 116, 123–24 (Bankr. N.D. Ill. 2005) (citing *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136 (10th Cir. 1990)).

The timing of Defendants' Jury Demand and Motion was, therefore, not only prudent, but proper under applicable rules. The Trustee's accusation that the Defendants' timing amounts to gamesmanship is malicious and inappropriate.

### IV. The Trustee Fails To Support His Arguments Relating to Defendants' Jury Trial Right and the Application of the *Coe-Truman* Factors

In a vain effort to show that judicial economy will be served by denying the Motion, the Trustee expounds for two pages of the Response on Bankruptcy Judge Black's familiarity with this case. At this stage of the case, however, Judge Black's experience and familiarity are not

---

[5] Defendants first and still effective Jury Demand was filed on April 11, 2007.

relevant. The Defendants are entitled to a trial by jury, and Judge Black's familiarity with pretrial proceedings cannot aid the members of the jury because this Court is the proper forum for conducting a jury trial. The question, therefore, is whether the Defendants are entitled to a jury trial on the remaining claims.

The Trustee, however, advances no argument for why the Defendants are not entitled to a jury trial. Indeed, there is no argument to be made. Four of the remaining claims are breach of contract actions on promissory notes, for which defendants Nimitz-Paiea, PLP, Kemp, and Miho unequivocally have a jury trial right. *Whirlpool Fin. Corp. v. Savaux*, 866 F. Supp. 1102, 1106 (N.D. Ill. 1994). Two others claims are for civil conspiracy and aiding and abetting, both non-core causes of action sounding at law to which the right to a jury trial attaches. *See In re K & R Express Sys., Inc.*, 382 B.R. at 447; *In re RDM Sports Group, Inc.*, 260 B.R. 915, 919 (Bankr. N.D. Ga. 2001). Two more are claims for fraudulent transfer, to which the Supreme Court has confirmed that the right to trial by jury attaches. *See Granfinanceria*, 492 U.S. at 46–47; *see also Gecker v. Marathon Fin. Ins. Co. (In re Auto. Prof'ls, Inc.)*, 389 B.R. 621, 625 (Bankr. N.D. Ill. 2008). Yet another is for breach of fiduciary duty for which the Trustee seeks a legal remedy and, therefore, must be tried to a jury upon demand. *See In re K & R Express Sys., Inc.*, 382 B.R. at 448–49.

The Trustee's refusal to concede this obvious point without substantive argument seals this decision. A plaintiff's mere contentions that a defendant is not entitled to a trial by jury are not enough to show that a defendant lacks a jury trial right. *See Consol. Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237, 239 (N.D. Ind. 2000) (finding no reason why the defendant would lose its jury trial right based merely on plaintiff's unsupported contentions). By failing to state

any reasons for why the Defendants lack a jury trial right, the Trustee has effectively waived that argument.

Notwithstanding the Trustee's lack of response, to the extent that any of his prayers for injunctive or declaratory relief could be deemed equitable claims to which a jury trial right does not attach, considerations of judicial economy, promotion of uniformity, efficiency, delay and cost each warrant trying all remaining claims in one forum. Because considerations of cost and efficiency cannot trump a defendant's jury trial right, if the Trustee asserts any equitable claims, the alternative to hearing all claims before this Court is to bifurcate this case. *Granfinanceria*, 492 U.S. at 63 (stating that considerations of efficiency and expense are "insufficient to overcome the clear command of the Seventh Amendment"); *Baldi v. Longview Aluminum*, No. 02 C 4608, 2002 WL 31834491, at *1 (N.D. Ill. Dec. 12, 2002) (recognizing that no case law exists that supports the position that the *Coe-Truman* factors can outweigh a defendant's right to a jury trial). Even the Trustee must agree that bifurcation would be inefficient, costly, and possibly produce inconsistent results, especially considering that all the remaining claims involve the same facts. *See In re K & R Express Sys., Inc.*, 382 B.R. at 448–49.

Instead of informing this Court why Defendants lack a jury trial right, the Trustee asks this Court to refer this question back to the bankruptcy court. Keeping true to form, however, the Trustee cites no rule of procedure, statute, or precedent for why this Court should defer to the bankruptcy court on the question currently before it. This Court, as a forum where jury trial rights are more commonly determined, both in civil and criminal cases, is without a doubt more experienced and better equipped to determine Defendants' jury trial right. The Trustee has not presented this question to the bankruptcy court, and presenting these questions to the bankruptcy court at this time would waste juridical resources and cause further delay.

CHILIB-2201509.6-ABCHAPIN 9/4/08 1:07 PM

### V. The Defendants Have Not Waived Their Right to a Jury Trial

The Trustee argues that the Defendants waived their right to a jury trial by participating in pretrial motion practice in the bankruptcy court. The Trustee, however, provides no support for this position. To the contrary, existing case law shows that the Trustee is simply wrong.

In general, a presumption exists against waiver of the constitutional right to a jury trial. *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1083 (7th Cir. 2001). Generally, waivers of the right to a jury trial must be made by written stipulation filed with the court or by oral stipulation made in open court and on the record. Fed. R. Civ. P. 39(a) (made applicable by Fed. R. Bankr. P. 9015(a)). A party may waive its right to a jury trial through conduct, but only if that conduct "clearly and explicitly" signals a waiver, and there must be "clear, unequivocal evidence" of a waiver before a court will find that a party intended to waive its right to a jury trial. *Middle Tenn. News Co.*, 250 F.3d at 1084 (internal citation and quotation marks omitted). In the context of bankruptcy, a defendant can waive its right to a jury trial by submitting to the equitable jurisdiction of the bankruptcy court. *See Langenkamp*, 498 U.S. 44–45. Mere participation in pretrial hearings and motion practice before the bankruptcy court does not, however, constitute a waiver of the right to jury trial. *In re Auto. Prof'ls, Inc.*, 389 B.R. at 630.

In this case, the Defendants filed their first Jury Demand on April 11, 2007. At no point have the Defendants renounced their Jury Demand. The Defendants timely reasserted the Jury Demand on July 18, 2008, and timely renewed this Motion on the same day. Only two of the Defendants filed proofs of claim against the bankruptcy estate, and no Defendant has filed a

counterclaim against the estate.[6] Consequently, the Defendants as a whole have not consented to the jurisdiction of the bankruptcy court.

Without supplying supporting legal authority, the Trustee argues that the Defendants waived their right to a jury trial by insisting that the Trustee keep to a firm trial date. The Trustee does not explain, however, exactly how the Defendants' resistance to his continued attempts to introduce more and more delay into this already four year old case can in any way be deemed a waiver of their Seventh Amendment right to a jury trial. The Trustee makes no credible argument that the Defendants waived their jury trial right.

### VI. This Case Is "Trial-Ready" Barring Any Attempts by the Trustee to Introduce Further Delays

With the Trustee unable to effectively argue that the Defendants lack a jury trial right, his last refuge to convince this Court not to withdraw the reference is to resort to the only argument he has left—i.e., this case is not yet "trial-ready." (Response, at 8). This argument, however, reflects more on the merits of the Trustee's claims than it does the status of the pretrial proceedings in this case. The Trustee's expert reports are due by the end of September. Trial is currently scheduled for November 17, 2008. The Trustee has had more than enough time to conduct his investigation and prepare his case. The simple fact that the Trustee has not found two sticks of evidence to rub together to make a fire does not mean that this case is not trial-ready.

The cases cited in the Trustee's Response support the conclusion that now is the time to withdraw the reference. In *In re Conseco Finance Corp.*, 324 B.R. 50, 56 (N.D. Ill. 2005), *In re*

---

[6] The only claims against the two Defendants that filed proofs of claim are for aiding and abetting and civil conspiracy, and considerations of judicial economy warrant withdrawing the reference to the bankruptcy court for those claims. (Motion, ¶ 9).

*Dreis & Krump Manufacturing Co.*, No. 94 C 4281, 1995 WL 41416 (N.D. Ill. 1995), and *Business Communications, Inc. v. Freeman*, 129 B.R. 165 (N.D. Ill. 1991), the court denied the motion to withdraw the reference without prejudice because each motion was filed at preliminary stages of the administration of the case. These cases recognize, however, that once it becomes clear that a jury trial will eventuate, the time is right to withdraw the reference. *See, e.g., In re Conseco Fin. Corp.*, 324 B.R. at 56 (noting that the defendant may renew the motion to withdraw the reference if and when the matter is to be tried); *In re Dreis & Krump Mfg. Co.*, 1995 WL 41416, at *3 (noting that the court will revisit the issue regarding withdrawal of the reference when "it becomes clear that a jury trial will be necessary"). In *Baldi*, the court granted the motion for withdrawal of the reference, but only postponed withdrawal until pretrial matters and discovery were completed. *Baldi*, 2002 WL 31834491, at *1.

In the case at hand, discovery and pretrial matters are substantially complete and trial is the only thing left to occur. Only a telephonic, second deposition of Miho remains of the Trustee's Discovery of Defendants. The bankruptcy court has no motions on its docket, and there is nothing left to do except conduct the trial. Because a jury trial cannot proceed in the bankruptcy court, cause exists to withdraw the reference at this time. This case is trial-ready.

The Trustee implies in his Response, however, that he can make this case not trial-ready by moving to extend the trial date or by filing a dispositive motion. This is not cause to deny the Motion. The Defendants do not intend to burden this court with any pretrial motions other than motions in limine and objections to evidence normally heard to finalize a pretrial order. Were the Trustee to belatedly acquire the temerity to file the dispositive motion which he has for years declined to file, this Court would have the option of referring that motion back to the bankruptcy court. No such dispositive motion having been filed, there is no reason that this four year old

matter should not now take its place on this Court's trial calendar. While the Defendants would object to any motion by the Trustee to extend the trial date, Defendants are fully cognizant that this Court's calendar may not accommodate an immediate trial and are willing to accept this circumstance as a consequence of asserting their Seventh Amendment rights. However, this case cannot advance to the top of a trial calendar until it is placed on that calendar.

The age of this case and the fact that no pretrial motions or proceedings are pending on the docket of the bankruptcy court leads to the conclusion that the Motion is now timely and should be granted.

## CONCLUSION

For the reasons stated above, the Motion should be granted.

Dated: September 4, 2008

Respectfully submitted,

T. Gregory Kemp, Jon T. Miho, Airport Trade Center, LLC, Paiea Properties, Nimitz-Paiea, Inc., PLP Holdings, Inc., JPPM Investments, LLC, TGK Investments, LLC and Paiea Holdings, Inc.

By: __/s/ Pia N. Thompson_____
One of Their Attorneys

Alexander Terras (IL Bar No. 2810700)
Pia N. Thompson (IL Bar No. 6225746)
Aaron B. Chapin (IL Bar No. 6292540)
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

## CERTIFICATE OF SERVICE

I, Pia N. Thompson, an attorney, do hereby certify that on the 4th day of September 2008, I did serve the forgoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**, by causing a copy thereof to be served via email to:

| | |
|---|---|
| To:     Richard J. Mason, P.C.<br>        Patricia K. Smoots<br>        Michael M. Schmahl<br>        McGuire Woods LLP<br>        77 W. Wacker Drive<br>        Suite 4100<br>        Chicago, IL  60601<br>Email:  rmason@mcguirewoods.com<br>        psmoots@mcguirewoods.com<br>        mschmahl@mcguirewoods.com | |

 

                                              */s/ Pia N. Thompson*
                                                Pia N. Thompson